UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

WILLIAM R. SHAW,

                Plaintiff,

v.                                                    Case No. 19-CV-1059

CITY OF MILWAUKEE, CHIEF EDWARD FLYNN,
TERRENCE GORDON, TIMOTHY A. HAUF,
MICHAEL ANTONIAK, VINCENT ANDRYSCZYK,
and THOMAS J. SLOWINSKI,

                Defendants.
_____

## DEFENDANTS' MOTION IN LIMINE NO. 1
_____

The defendants move to strike the Complaint or prohibit plaintiff William R. Shaw ("Shaw") from referring to, introducing evidence of or making any claims for damages related to his claims based on (1) physical pain, (2) emotional distress, (3) humiliation and (4) trauma. (Complaint, ECF #1, ¶¶ 117, 121, 128, 135, 139, 144, 150, 153, 157 & 163).

On June 23, 2020, the City of Milwaukee served Shaw with discovery in three forms: Requests for admissions, interrogatories and requests for documents. (Zales Dec. at ¶2) Ten interrogatory questions were asked. Asked for a description of his injuries in Interrogatory No. 1, he responded he had wrist pain and humiliation, and "nightmares, anxiety, cold sweats, antisocialism, fear panic attacks and wrist and stomach pain." Asked to identify all health care providers and what he was treated for as to Question No. 1, he responded only as to his psychological treatment and claimed the question was "irrelevant

and confidential." (Zales Dec. at ¶3) Asked to identify every health care provider he has seen since January 1, 2013, he responded it was "irrelevant," but suggested he had a few pages of documents from health care providers. None were provided. (*Id*. at ¶4)

Responding to the City's request for documents No. 1, "Provide every document related to your claims, including claimed injuries and damages." Shaw's first response dated 7/28/20 was that his medical history is irrelevant, confidential and he doesn't have it. His amended response of 9/14/20 cited unidentified police reports, psychological and medical records from the two hospitals he was taken to for the body cavity search. No records were provided. (Zales Dec. at ¶5) In Document Request No. 2, "Produce all medical and psychological records related to your claims you have or could request," his first response dated 7/28/20 was that they were all "irrelevant." His amended response of 9/14/20 was that "all" the records he had were attached. A few pages of records were attached. (Zales Dec. at ¶5)

In Document Request No. 7, served on June 23, 2020, Shaw was provided with medical records and Wisconsin Department of Corrections medical records authorizations to sign and return. His response of 9/14/20 was that he objected on the grounds of "relevance" and "confidentiality." (Zales Dec. at ¶6; ECF 184, Attachment No. 1 – the Declaration of Kris Williams, ¶¶ 3-4). On 9/21/21, undersigned counsel appeared in this case on behalf of the defendants. On 9/24/21, this court issued a text order directing the clerk to set a "telephone conference to discuss the matters raised in the plaintiff's motion for reconsideration, including the status of pro bono counsels representation of the plaintiff for purposes of summary judgment and the issues surrounding execution of medical

2

authorizations." (ECF 174). On 10/5/21, the court held the conference and set the case for trial on 12/1/21. (ECF 180) Undersigned counsel repeated the need for Shaw to sign medical authorizations.

On Thursday, October 28, 2021, following a 10/26/21 telephone conference with Shaw's counsel, at his counsel's suggestion, Shaw was served with the defendants' motion to adjourn the 12/1/21 trial and provided with medical authorizations to sign and return in the enclosed self-addressed stamped envelope. Those authorizations were the same two he was served with in discovery on June 23, 2020. (Zales Dec. at ¶7). As of 11/8/21 Shaw has failed to return the authorizations. (*Id*.) Even if they were received today, it would take "a couple of weeks" or longer to obtain them. (ECF 184, Attach. No. 1 at ¶¶6-8).

Having placed his medical state and history at issue in his Complaint, Shaw cannot claim those matters are either "irrelevant" or "confidential." Shaw has offered no other reasons for failing to provide the defendants with the medical records authorizations they requested in June of 2020. He has had no problem filing multiple with this court.

Discovery Rules

Federal Rule of Civil Procedure 26(e)(1)(A) "Supplementing Disclosures and Responses," imposes a continuing obligation on Shaw to "supplement or correct its disclosure or response." Shaw is subject to this rule because he "responded to an interrogatory, request for production, or request for admission." (Zales Dec. at ¶¶2-6). Federal Rule of Civil Procedure Rule 37(c) provides:

"(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

3

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

>  (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
>  (B) may inform the jury of the party's failure; and
>
>  (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Rule 37(b)(2)(A)(i)-(vi) sanctions include:

> "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (vi) rendering a default judgment against the disobedient party."

In addition to the power craft sanctions under the federal rules this court has inherent authority to limit claims. "[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than [its] inherent power. But if in the informed discretion of the court, neither [a] statute or the Rules are up to the task, the court may safely rely on its inherent power." ***Chambers v. NASCO***, Inc., 501 U.S. 32, 50 (1991).

4

Case 2:19-cv-01059-WCG    Filed 11/08/21    Page 4 of 6    Document 189

Shaw offers no adequate justification for failing to participate in the discovery process and provide signed authorizations. Shaw faces challenges as a pro se litigant, even with his limited scope counsel, but discovery obligations are not optional. They are an ongoing obligation. When a litigant violates discovery rules, *with or without a discovery order* to comply with a request, courts have discretion to impose sanctions up to and including dismissal of the action. Case law typically goes to sanctions of a discovery order. See, e.g., **Maynard v. Nygren**, 372 F.3d 890, 893 (7th Cir. 2004); **Jennings v. Principi**, 114 F. App'x 224, 226 (7th Cir. 2004). But it is not required under Rules 26(e) and 37(c).

The defendants' medical records discovery requests are reasonable, and there is no reason why Shaw is not capable of responding to them. Rule 37 sanctions may be imposed where a party displays "'wilfulness, bad faith, or fault.'" **Langley v. Union Elec. Co.**, 107 F.3d 510, 514 (7th Cir.1997) (quoting **Philips Medical Systems Int'l, B.V. v. Bruetman**, 982 F.2d 211, 214 (7th Cir.1992)). Here, the procedural history in this case arguably shows all three, but certainly at least fault. Moreover, Shaw's failure to respond to the defendants' discovery requests has resulted in prejudice to them. An appropriate sanction would be to strike Shaw's pleadings. Alternatively, he should be prohibited from introducing any evidence or referring to any of his claims for medically related damages.

Dated and signed at Milwaukee, Wisconsin this 8th day of November, 2021.

        TEARMAN SPENCER
        City Attorney

        s/ Nicholas C. Zales
        NICHOLAS C. ZALES

5

Case 2:19-cv-01059-WCG   Filed 11/08/21   Page 5 of 6   Document 189

                                                               Assistant City Attorney
                                                               State Bar No. 1019289
                                                               *Attorneys for Defendants*

<u>ADDRESS:</u>
200 East Wells Street, Room 800
Milwaukee, WI 53202
Telephone: (414) 286-2601
Facsimile: (414) 286-0806
Email: nzales@milwaukee.gov

1032-2019-2099/277460