IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

WILLIAM R. SHAW,

        Plaintiff,

v.

CITY OF MILWAUKEE, CHIEF EDWARD
FLYNN, TERRENCE GORDON,
TIMOTHY A. HAUF, MICHAEL
ANTONIAK, VINCENT ANDRYSCZYK,
THOMAS J. SLOWINSKI, and
KRISTOPHER MADUSCHA,

        Defendants.

Case No. 2:19-cv-1059-WCG

**PLAINTIFF WILLIAM R. SHAW'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF DEFENDANTS' PRIOR AWARDS OR COMMENDATIONS**

    Plaintiff William R. Shaw, by undersigned counsel and pursuant to Federal Rule of Civil Procedure 7 and Federal Rules of Evidence 104(a), 402, and 404, hereby moves in *limine* to exclude testimony regarding or evidence of any awards or commendations received by the Defendants.

    Evidence may be excluded "if its probative value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. "Evidence is 'unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented.'" *Common v. City of Chicago*, 661 F.3d 940, 947 (7th Cir. 2011) (citation omitted). In a similar vein, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). "Character evidence encompasses evidence of a defendant's prior commendations and awards," since "the only

purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits or actions that demonstrate such character traits." *United States v. Brown*, 503 F. Supp. 2d 239, 242 (D.D.C. 2007). Finally, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). "Courts typically consider evidence of military or police commendations as impermissible character evidence, beyond ordinary background evidence." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 954785, at *1 (N.D. Fla. Mar. 14, 2021) (collecting cases).

This case involves claims for violations Mr. Shaw's Fourth-Amendment rights by Defendants' seizure and subsequent strip and body cavity searches of Mr. Shaw. *See* Dkt. 9:7–13; *see also* Dkt. 1. Defendants are all police officers. *See id.* Therefore, evidence of Defendants' awards or commendations would be "impermissible character evidence," as "the only purpose for offering such information would be to portray a defendant in a positive light by demonstrating recognition of certain character traits." *See Brown*, 503 F. Supp. 2d at 242. Moreover, the evidence would have little probative value, which would be substantially outweighed by its prejudicial effect. *See In re 3M Combat Arms*, 2021 WL 954785, at *1. Therefore, evidence of Defendants' prior awards or commendations should be excluded.

Counsel certifies that no memorandum or other supporting papers will be filed with this motion.

2

Dated: November 8, 2021 /s/ Amy C. Miller
AMY C. MILLER
State Bar No. 1101533
RYAN J. WALSH
State Bar No. 1091821
EIMER STAHL LLP
10 East Doty Street, Suite 800
Madison, WI 53703
(608) 441-5796
(608) 441-5707 (fax)
amiller@eimerstahl.com
rwalsh@eimerstahl.com
*Counsel for Plaintiff*