# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**WILLIAM ROBERT SHAW,**
        Plaintiff(s),

v.        **TELEPHONE FINAL PRETRIAL CONFERENCE**
        Case No. 19-C-1059

**CITY OF MILWAUKEE, et al.,**
        Defendant(s).

| | |
|---|---|
| HONORABLE WILLIAM C. GRIESBACH presiding | Time Called: 3:02 pm |
| Proceeding Held: November 17, 2021 | Time Concluded: 3:55 pm |
| Deputy Clerk: Lori | Tape: 111721 |

**Appearances:**

    **Plaintiff(s):**    Ryan J Walsh and Amy Miller
                          William Robert Shaw

    **Defendant(s):**    Jennifer DeMaster and Yolanda McGowan

Jury Trial scheduled to begin 12/1/2021 in Milwaukee in Courtroom No. 390. (Anticipated 1–2-day trial).
All parties to report for trial at 8:30 am. A writ was issued for plaintiff's appearance.
The parties are still working on stipulations for trial.
Counsel will provide civilian clothing for plaintiff for trial.
Ms. Miller requests plaintiff be unshackled for trial.
Ms. McGown requests plaintiff be shackled, and the table covered with a tablecloth.
**The parties are to consult with each other regarding shackles. If there is a concern, the Court will have a telephone conference before trial to address this issue.**

The Court addresses trial procedures and voir dire.
The jury will consist of 8 jurors (6 strikes, qualify 14).
The Court informs the parties as to the mask policy.
Ms. Miller requests that witnesses be sequestered.
**The Court GRANTS the request. All witnesses will be sequestered.**

The Court informs the parties that all motions in limine are preliminary rulings, subject to change.
**PLAINTIFF'S MOTIONS IN LIMINE:**
**[192] No. 1: Motion to exclude testimony regarding evidence of, and reference to Mr. Shaw's current incarceration, pending criminal charges and other arrest or criminal history:** They are entitled to explain the facts they had in mind that constituted probable cause. In terms of convictions, 2011 conviction would be admissible for impeachment purposes, but the 2004 burglary conviction would be out. The Court can give curative instructions. To some extent, the motion is denied. The current charges are inadmissible. As to the reports, plaintiff has a right to know what defendant will testify to and the Court will rule at that point. This will be addressed further at trial.

**[193] No. 2 Motion to exclude evidence of defendants' prior awards or commendations**: GRANTED with the understanding if the door opens, defendants can ask for leave to introduce such evidence.

**[194] No. 3 Motion to exclude evidence of Shannon L. Hajeks out-of-court statements:** DENIED. This is being offered as basis for request for strip/body cavity search and is admissible.

3:20 pm: Ms. Miller requests clarification as to statements as to other acts and evidence.
The Court clarifies that what she told the police officers at the time of the arrest, leading the officers to believe they had probable cause to arrest plaintiff and conduct a search are admissible for the purpose of establishing their defense to make the arrest. To the extent this is a Rule 403 issue, the Court will review this further. The Court can give a limiting instruction at the time of testimony and during final instructions.
3:22 pm: Mr. Shaw addresses timing of statements.
**[195] No. 4 Motion to bar defendants from using non-public databases to conduct background checks on jurors and potential jurors:** DENIED.

**[196] No. 5 Motion to bar defendants from disputing, and instead deem admitted, any matter not responded to in Plaintiff's properly served requests for admissions:** The Court is unable to rule at this time without having specific information and documents to review. The parties will confer, and the Court will address this issue the morning of trial.

**[197] No. 6 Motion to bar defendants from commenting on any purported missing evidence or missing witnesses:** DENIED with the understanding this can be revisited if it arises during trial.

**[198] No. 7 Motion to bar witness communications during testimony:** The Court is unsure how this would arise, but if there is a reason for counsel to consult with a witness during testimony, it will be addressed at that time.

**DEFENDANTS MOTIONS IN LIMINE:**
**[189] No. 1 Motion to strike the complaint or prohibit plaintiff from referring to, introducing evidence of or making any claims for damages related to his claim based on physical pain, emotional distress, humiliation and trauma.** Plaintiff can testify to his emotional trauma, how he felt and what it felt like to be treated in that fashion. The Court instructs the parties that absent any further ruling from the Court, his current custody situation and charges he is facing is not admissible.

**[191] No. 2 Motion to prohibit plaintiff from calling or referring to any witnesses not identified by him as required by Local Rule, Rule 26 or that he failed to identify in response to the defendants'' discovery requests in this case.** The parties should notify the other side if they plan to call a witness or offer evidence that was not previously disclosed. The court will rule on it at that time.

Ms. Miller states the psychologist is not going to testify but claims reports would be admissible.
Ms. McGowan confirms they are working with counsel to address this, records and authorizations.

3:33 pm: Mr. Walsh addresses requests for admissions and inquires if they should file a renewed motion.
Ms. Miller states several of the requests for admission were filed on the docket.
Ms. DeMaster responds as to Motion in Limine No. 5. Counsel sets forth there was a lengthy response issued to plaintiff. Counsel states every request for admission properly served on the office was responded to.
The Court finds given the record, the parties are to confer and define what specific requests were not answered and how they will be used. The parties can file a letter as to the issues and a telephone conference will be scheduled to address this prior to trial.

Ms. McGowan requests clarification as to the ruling on Motion in Limine No. 7 (prohibit attorneys and parties from conferring).
The Court instructs the parties if there is a reason for the attorney to consult with a witness, counsel is to bring this to the Court's attention, and it will be addressed at that time.

3:38 pm: The Court addresses jury instructions and verdict forms. The Court will address this further during trial.
Ms. DeMaster addresses plaintiff's objection to pretrial jury instructions.
Parties are instructed to submit jury instructions in word format to the court's mailbox.
The Court advised the party as to voir dire procedure.

Ms. Miller addresses objections to proposed exhibits and witnesses (Docket No. 218).
The Court will wait and see where the evidence goes at trial. It will be addressed at that time.
Ms. DeMaster inquires as to a contact person for trial questions and courtroom set up.
The Court provides the name of the clerks for trial.
Counsel may contact the Green Bay Clerk's office for contact information.

Ms. DeMaster addresses there are two witnesses that are retired and live out of state.
Ms. DeMaster requests the witnesses be allowed to testify via zoom.
Mr. Walsh would like time to consider this request.
Ms. DeMaster identifies the witnesses as Former Police Chief Edward Flynn and Former Inspector Terrence Gordon. Both witnesses are retired and reside out of state. They are being sued for supervisory liability.
Mr. Walsh will confer with opposing counsel on this issue.
If the parties cannot agree, they are to bring this to the Court's attention.
If there will be video testimony, counsel is to notify the clerk's office so this can be arranged with IT.

Ms. Miller addresses objections to plaintiff's driving record, criminal record and medical authorizations that came from the department of corrections.
The parties are instructed to show all exhibits to opposing counsel prior to offering to witness or for admission.
The Court will rule on this as it arises.

The Court advised the parties to notify the clerk's office if issues arise before trial that would require a telephone conference with the Court.

3:55 pm: Adjourned.