UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WILLIAM ROBERT SHAW,

           Plaintiff,

    v.                                                      Case No. 19-C-1059

TERRENCE GORDON, et al.,

           Defendants.

_____

## DECISION AND ORDER
_____

        On December 3, 2021, after hearing testimony from the parties over the course of two days, a jury returned a verdict in favor of Defendants. Plaintiff William Robert Shaw, who initiated this case pro se, was represented pro bono by counsel during trial, but counsels' limited recruitment concluded when the jury returned its verdict, so Shaw is again representing himself. On December 16, 2021, Shaw filed a motion for relief and objections, which the Court denied on December 21, 2021. Dkt. Nos. 247, 248, 258. That same day, Shaw filed a motion for an order objecting to Judge William Griesbach (Dkt. No. 252), a motion for a new trial (Dkt. No. 253), and three judicial notices (Dkt. Nos. 254-56). None of the issues Shaw raises in these filings has merit.

        In his motion objecting to Judge Griesbach, Shaw asserts that I erred when I allowed Defendants to remain in the courtroom during the trial. Dkt. No. 252. He asserts that hearing each other's testimony allowed them to "'story-line' their false testimony to the jury" and gain an unfair advantage. *Id.* at 1-2. He also asserts that allowing them in the courtroom violated my previous sequester order. *Id.* at 2. Under Fed. R. Evid. 615, "[a]t a party's request, a court must order witnesses excluded so that they cannot hear other witnesses' testimony." But subsection (a)

clarifies that "this rule does not authorize excluding: a party who is a natural person." The reason parties cannot be excluded from trial is obvious. Defendants have a right to defend themselves against a plaintiff's claims, and they cannot effectively do that if they are prevented from hearing the evidence presented against them. The Court will deny Shaw's motion.

In his motion for a new trial, Shaw again argues that he did not understand the consequences of dismissing his *Monell* claim against the City of Milwaukee and Edward Flynn when he agreed to dismiss the claim prior to trial. The Court directs Shaw to its December 21, 2021 decision for an explanation of why he was not harmed by his decision to dismiss the *Monell* claim. *See* Dkt. No. 258 at 2-3. For the reasons stated in that decision, Shaw is not entitled to a new trial on this basis.

Shaw also asks that the Court to order a new trial so he can proceed on the false arrest claim that he asserted in his complaint. In response to Defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50, Shaw's counsel—in Shaw's presence—advised the Court that Mr. Shaw was prepared to abandon his claim of false arrest. *See* Dkt. No. 239 at 4. As a result, the Court granted Defendants' motion *only* as to the false arrest claim. Ample evidence was presented at trial supporting Defendants' decision to arrest Shaw. Defendants testified that Shaw was driving without a license, that he was on supervised release for a prior drug conviction, that he had hundreds of dollars in his pocket, and that the vehicle he was driving contained drug paraphernalia. In light of this evidence, no jury could have reasonably decided Shaw's false arrest claim in his favor. Thus, the Court did not err when it granted Defendants' unopposed motion to dismiss this claim. The Court will deny Shaw's motion for a new trial.

Finally, Shaw filed three documents captioned "Judicial Notification." Dkt. Nos. 254-56. It is not clear why Shaw filed these documents. If Shaw wants the Court to rule on a request or

provide him with some relief, he must file a motion.  If Shaw disagrees with the specific rulings, he may pursue an appeal.  Although Shaw does not appear to be seeking any relief in these filings, the Court makes a couple of observations.  Shaw is reminded that it was clear when counsel was recruited that the recruitment was limited to representing Shaw at trial.  If Shaw did not agree with the scope of the recruitment, he should have raised that issue with the Court before accepting counsels' offer to represent him pro bono at trial.  Further, it is unclear how the investigation Shaw wanted counsel to perform (contacting a car dealership and obtaining the schematics of the central booking building) would have had any impact on the jury's decision.  In fact, counsel went to great lengths to explain to Shaw why they would be unable to obtain the information Shaw suggested they seek and why the information would have no evidentiary value.[1]  Thus, Shaw was not harmed by counsel declining to conduct the additional investigation Shaw suggested.

Based on the letters Shaw attaches to his notifications, it is clear counsel thoughtfully considered Shaw's requests and suggestions and made every effort to keep him fully informed.  The Court once again thanks Ryan Walsh and Amy Miller for their willingness to volunteer their time and efforts to represent Shaw at trial.

**IT IS THEREFORE ORDERED** Shaw's motion for order objecting to Judge Griesbach (Dkt. No. 252) and his motion for new trial (Dkt. No. 253) are **DENIED**.

Dated at Green Bay, Wisconsin this 22nd day of December, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1] Per a letter Shaw attached to his notice, counsel explained to Shaw that "[a]n open records request for the floorplans and schematics of the Police Administrative Building would be futile.  Defendants have already responded to discovery requests for these items by explaining that their release would either create an undue security risk or that such information does not exist.  For that same reason, the City would not release the floorplan in response to an open records request." Dkt. No. 254 at 5.  Counsel also explained to Shaw that "information from the Jeep dealership regarding the license plate lighting would not be probative of whether the lights were working during the traffic stop.  Instead, the best evidence of the light's functioning will be your testimony." *Id.* at 6.