UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM ROBERT SHAW,

    Plaintiff,

v.                                                    Case No. 19-C-1059

TERRENCE GORDON, et al.,

    Defendants.

---

## DECISION AND ORDER

---

    Plaintiff William Robert Shaw is representing himself in this 42 U.S.C. §1983 action. On December 3, 2021, a jury returned a verdict in favor of Defendants. Dkt. No. 238. On December 22, 2021, Shaw filed a notice of appeal. He seeks to appeal "the jury verdict in this matter stemming from the trial by jury that began on December 1, 2021 up in until the 3rd of December 2021, in it entirety." Dkt. No. 260. On February 4, 2022, Shaw filed a "motion for waiver of fees for requested transcripts for purposes of his 7th Circuit appeal." Dkt. No. 279. He asks the Court to waive the fees associated with preparing transcripts for the following: 1) a July 7, 2020 telephone conference/motion hearing; 2) a May 18, 2021 telephone status conference; 3) a July 16, 2021 telephone status conference; 4) the November 17, 2021 final pretrial hearing; and 5) the jury trial.

    The Court understands Shaw to be requesting that transcripts be prepared at the government's expense pursuant to 28 U.S.C. §753(f). Under that provision, a party proceeding *in forma pauperis* is entitled to a free transcript after the "trial judge or a circuit judge certifies that the suit or appeal is not frivolous (but presents a substantial question)." "[C]ourts also consider whether the requesting party has demonstrated a particular need for the requested transcripts." *Westbrook v. Boy Scouts of America*, No. 10-C-4161, 2013 WL 2936488, at *4 (N.D. Ill. June 14,

2013) (collecting cases); *see Vogelsberg v. Kim*, No. 17-cv-596-jdp, 2020 WL 8665293 (W.D. Wis. Dec. 7, 2020).

Shaw is proceeding *in forma pauperis* on appeal, and his appeal is not frivolous. However, only the trial transcripts appear to be pertinent to the issues he raises in his notice of appeal. The July 7, 2020 telephonic conference concerned issues related to discovery, including the Court ordering that Defendants bear the cost of responding to Shaw's discovery requests. *See* Dkt. No. 49. The May 18, 2021 and July 16, 2021 telephonic conferences concerned the scheduling of the trial; no substantive issues were addressed. *See* Dkt. Nos. 162, 166. And while the Court ruled on the parties' motions *in limine* at the final pretrial conference, the Court was clear that its rulings were preliminary and subject to change depending on the evidence presented at trial. To the extent the parties sought clarification or reconsideration of those rulings, the parties raised their objections at trial, and the Court's decisions are memorialized in the trial transcripts. Further, for each hearing a detailed minute entry was prepared. The minute entries summarize the issues raised by the parties and clearly state the Court's rulings. Given the apparent irrelevance of these hearings to the issues Shaw raises on appeal, the Court finds that these minutes entries are sufficient and transcripts of those hearings would add nothing.

The bottom line is that Shaw fails to demonstrate why he needs any transcripts other than the trial transcripts. Accordingly, the motion to waive transcript fees, Dkt. No. 279, is granted in part. The Court hereby orders that, pursuant to 28 U.S.C. §753(f), the trial transcripts be prepared at the government's expense. The motion is denied in all other respects.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of February, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
